IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RUTH M. CLINESMITH, individually, and
BRUCE C. CLINESMITH, by RUTH M. CLINESMITH,
his attorney-in-fact,

      Plaintiffs,

vs.                                                                                                      Civ. No. 05-664 JP/DJS

MOODY BIBLE INSTITUTE OF CHICAGO,
a foreign entity, D. L. MOODY TRUST COMPANY,
a foreign entity, and MARVIN E. BECKMAN, an
Illinois resident,

      Defendants.

MEMORANDUM OPINION AND ORDER

On June 20, 2005, Plaintiffs filed a Motion for Preliminary Mandatory Injunction (Doc. No. 3). On July 1, 2005, Defendants Moody Bible Institute and Beckman filed a Motion of Defendants Moody Bible Institute of Chicago and Marvin E. Beckman for Appointment of Guardian *Ad Litem* and Separate Counsel for Plaintiff Bruce C. Clinesmith (Doc. No. 9). The Court heard these two motions at a hearing held on July 12, 2005. Present at the hearing were Plaintiff Ruth Clinesmith and Plaintiffs' attorneys, Stuart Stein and Gregg Velasquez. Defendant Beckman was also present at the hearing along with Attorney Spencer Reid who is representing Defendants Moody Bible Institute and Beckman. Having reviewed the briefs and exhibits and having considered the testimony proffered at the hearing as well as the oral arguments by counsel, the Court finds that Plaintiffs' Motion for Preliminary Mandatory Injunction should be denied and that the Motion of Defendants Moody Bible Institute of Chicago and Marvin E. Beckman for Appointment of Guardian *Ad Litem* and Separate Counsel for Plaintiff Bruce C. Clinesmith should

likewise be denied.

A.  Plaintiffs' Motion for Preliminary Mandatory Injunction

To establish entitlement to a preliminary injunction under Fed. R. Civ. P. 65(a), the moving party must show: "(1) a substantial likelihood of prevailing on the merits; (2) irreparable harm in the absence of the injunction; (3) proof that the threatened harm outweighs any damage the injunction may cause to the party opposing it; and (4) that the injunction, if issued, will not be adverse to the public interest." *Kansas Health Care Ass'n, Inc. v. Kansas Dep't of Social & Rehabilitation Servs.*, 31 F.3d 1536, 1542-43 (10th Cir. 1994) (citing *Autoskill Inc. v. Nat'l Educ. Support Sys., Inc.*, 994 F.2d 1476, 1487 (10th Cir.), *cert. denied*, 510 U.S. 916 (1993); *Resolution Trust Corp. v. Cruce*, 972 F.2d 1195, 1198 (10th Cir. 1992)).  To grant a request for a mandatory preliminary injunction, the moving party "must make a strong showing both with regard to the likelihood of success on the merits and with regard to the balance of harms." *O Centro Espirita Beneficients Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 975-76 (10th Cir. 2004).  "Because a preliminary injunction is an extraordinary remedy . . . the right to relief must be clear and unequivocal." *Kansas Health Care*, 31 F.3d at 1543 (citing *SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1098 (10th Cir. 1991)).

The Plaintiffs failed to make a strong showing that they have a substantial likelihood of prevailing on the merits of this case.  The Plaintiffs also failed to show that they would be irreparably harmed if the mandatory preliminary injunction is not granted.  In addition, Plaintiffs did not make a strong showing that the threatened harm to them would necessarily outweigh any damage the injunction may cause to the Defendants.  Finally, the Court cannot find that the public interest will not be adversely affected by a mandatory preliminary injunction until the New Mexico

State Court rules on the March 4, 2005 Verified Petition for the Appointment of a Guardian and Conservator. The Plaintiffs have simply not demonstrated that they have a clear and unequivocal right to the extraordinary relief provided by a mandatory preliminary injunction. Consequently, the motion for mandatory preliminary injunction will be denied.

B.  Defendants Moody Bible Institute and Beckman's Motion for Appointment of Guardian *Ad Litem* and Separate Counsel

The Court finds that it is premature to rule on this motion until the New Mexico State District Court has ruled on the Verified Petition for Appointment of a Guardian and Conservator. The Court will, therefore, deny at this time Defendants Moody Bible Institute and Beckman's motion for appointment of guardian *ad litem* and separate counsel.

IT IS ORDERED that:

1.  Plaintiffs' Motion for Preliminary Mandatory Injunction (Doc. No. 3) is denied; and

2.  the Motion of Defendants Moody Bible Institute of Chicago and Marvin E. Beckman for Appointment of Guardian *Ad Litem* and Separate Counsel for Plaintiff Bruce C. Clinesmith (Doc. No. 9) is denied at this time.

_____
SENIOR UNITED STATES DISTRICT JUDGE