# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE NEW MEXICO

NOV 21 2005

MATTHEW J. DYKMAN
CLERK

RUTH M. CLINESMITH, individually,
and BRUCE C. CLINESMITH, by
RUTH M. CLINESMITH, his attorney-in-fact,

    Plaintiffs,

vs.     No. CIV 05-0664 JP/DJS

MOODY BIBLE INSTITUTE OF CHICAGO,
a foreign entity, D.L. MOODY TRUST
COMPANY, a foreign entity, and MARVIN E.
BECKMAN, an Illinois resident,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendants Moody Bible Institute of Chicago and Marvin E. Beckman's Motion to Disqualify Stein Law Firm from Representing any Party to This Action **[Doc. No. 25]**, filed September 28, 2005. On September 29, 2005, Decades, LLC (Decades), as permanent guardian and conservator for Bruce C. Clinesmith, joined the motion **[Doc. No. 27]**. Defendants Moody Bible Institute of Chicago and Marvin E. Beckman (Defendants) move the Court for an order disqualifying Stuart Stein and the Stein Law Firm from representing any party and from participating in any manner in this action.

As grounds for their motion, Defendants contend that on July 18, 2005, State District Court Judge Linda Vanzi appointed Decades as Bruce C. Clinesmith's full temporary guardian and conservator and entered an oral ruling disqualifying Mr. Stein and the Stein Law Firm from representing Mr. Clinesmith. Judge Vanzi followed her oral ruling with an Order entered on August 5, 2005, finding that the interests of Bruce C. Clinesmith and Ruth M. Clinesmith were



adverse to each other in both the state and federal proceedings and directed Decades to retain counsel to represent Mr. Clinesmith's interests in the federal proceeding. On August 11, 2005, the Miller Law Firm (Nell Graham Sale and Ruth O. Pregenzer) entered its appearance on behalf of Decades, as guardian and conservator for Bruce C. Clinesmith [Doc. No. 20].

Notwithstanding Judge Vanzi's ruling, Mr. Stein took action that affected the interests of Bruce C. Clinesmith.[1] Accordingly, Cathe Temmerman, Mr. Clinesmith's daughter from a previous marriage, moved to disqualify the Stein Law Firm from representing Mr. or Mrs. Clinesmith in the state court proceeding. Decades also filed a motion moving the Court to prevent interference by Mr. Stein. Judge Vanzi held a hearing on these motions and enjoined "Stuart L. Stein, Esq., The Stein Law Firm, and all members or staff of the Stein Law Firm" . . . "from having contact with Bruce C. Clinesmith in any way, shape or form." *See* August 29, 2005 State Court Order [Doc. No. 40]. Judge Vanzi also voided the following documents: (1) the Living Trust 2005 Amendment and Restatement prepared for Bruce C. Clinesmith and Ruth M. Clinesmith; (2) the Last Will prepared for Bruce C. Clinesmith; and (3) all related documents purportedly executed by Bruce C. Clinesmith on August 18, 2005. *Id.*

On September 1, 2005, Judge Vanzi entered a Memorandum Order addressing Petitioner Cathe Temmerman's Motion to Disqualify Stuart L. Stein, Esq. from Representing Ruth Clinesmith and Elizabeth Brown and All Other Persons with Interests Adverse to Bruce C. Clinesmith. *See* September 1, 2005 Memorandum Order [Doc. No. 40]. After setting forth her

---

[1] The action that Defendants contend Mr. Stein engaged in is set forth in the sealed documents provided to the Court. *See* Sealed Exhibits B and D to Decades, LLC's Reply on Bruce C. Clinesmith's Behalf Supporting Motion to Disqualify Stein Law Firm From Representing Any Party to This Action.

2

findings,² Judge Vanzi ordered (1) "that Stuart L. Stein, Esq. and the Stein Law Firm are disqualified from continuing to represent Mrs. Clinesmith, Mrs. Brown, Sarah Craig Yoakum, Elizabeth Craig McKinney, and Davina Craig Delaney in this matter;" and (2) "that Stuart L. Stein, Esq. and the Stein Law Firm are disqualified from acting as consulting attorneys on any issues concerning this case." *Id.* at 7.

In this action, Plaintiff Ruth M. Clinesmith, as Bruce C. Clinesmith's attorney-in-fact, alleges breach of fiduciary duty against Defendants and seeks to void the 1997 and 1999 Moody Bible Institute-Clinesmith Trusts. Compl. ¶¶ 34-41. Additionally, Plaintiff seeks a declaration that the Trust monies are community property or quasi-community property and requests temporary relief in the form of immediate access to Trust assets. Compl. ¶¶ 42-46. Since the filing of this action, Ruth M. Clinesmith has filed a Petition for Dissolution of Marriage. *See* Ex. A to Defs.' Reply in Supp. of Mot. to Disqualify the Stein Law Firm from Representing any Party in This Action.

Based on the action taken by Judge Vanzi, Defendants contend "Judge Vanzi's reasoning applies equally in this action, and Mr. Stein and the Stein Law Firm similarly should be disqualified from representing any party to this proceeding because of a serious and impermissible conflict of interest." Defs.' Mot. to Disqualify Stein Law Firm From Representing any Party to This Action [Doc. No. 25] at 3.

---

² Of significance to this case, are Judge Vanzi's finding that "Mrs. Clinesmith's interests, and those of her family, are materially adverse to the interests of Mr. Stein's former client, Bruce Clinesmith" and her finding that "[i]nformation relating to the representation of Mr. Clinesmith by Mr. Stein is being used to Mr. Clinesmith's disadvantage and to the advantage of Mrs. Clinesmith." September 1, 2005 Memorandum Order [Doc. No. 40].

In *Cole v. Ruidoso Municipal Schools*, 43 F.3d 1373 (10th Cir. 1994), the Court of Appeals for the Tenth Circuit set forth the standard for a motion to disqualify, stating:

> Motions to disqualify are governed by two sources of authority. First, attorneys are bound by the local rules of the court in which they appear. Federal district courts usually adopt the Rules of Professional Conduct of the states where they are situated. Second, because motions to disqualify counsel in federal proceedings are substantive motions affecting the rights of the parties, they are decided by applying standards developed under federal law. Therefore, motions to disqualify are governed by the ethical rules announced by the national profession and considered 'in light of the public interest and the litigants' rights.

*Id.* at 1383 (internal citations omitted). The District of New Mexico has adopted the New Mexico Rules of Professional Conduct. *See* D.N.M.LR-Civ.83.9. The New Mexico Rules were patterned after the ABA Model Rules of Professional Conduct. The Tenth Circuit has opined that the ABA Model Rules of Professional Conduct reflect the national standard to be used in ruling on disqualification motions. *Cole*, 43 F.3d at 1383. Thus, case law applying ABA Model Rule 1.9 is instructive. *Id.* at 1384.

New Mexico Rule of Professional Conduct 16-109 provides:

A lawyer who has formally represented a client in a matter shall not thereafter:

A. represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation; or

B. use information relating to the representation to the disadvantage of the former client except as Rule 16-106 [governing confidentially of information] would permit with respect to a client or when the information has become generally known.

N.M.S.Ct.R. 16-109.

Under Rule 1.9, a party seeking to disqualify opposing counsel on the ground of a former representation must establish that: "(1) an actual attorney-client relationship existed between the moving party and the opposing counsel; (2) the present litigation involves a matter that is "substantially related" to the subject of the movant's prior representation; and (3) the interests of

4.

the opposing counsel's present client are materially adverse to the movant." *Cole*, 43 F.3d at 1384 (citing ABA Model Rule 1.9(a) & (c)). Accordingly, the moving parties in this case must show (1) that Mr. Clinesmith had an attorney-client relationship with the Stein Law Firm; (2) that this case involves a matter that is substantially related to the prior representation, and (3) that Mrs. Clinesmith's interests are materially adverse to Mr. Clinesmith's interests.

First, in his Memorandum in Opposition to the present motion, Mr. Stein does not dispute that he represented Mr. Bruce C. Clinesmith. *See*, Mem. in Opposition to Defs.' Sept. 28, 2005 Mot. to Disqualify the Stein Law Firm from Representing any Party to This Action at 3 (admitting Defendants' contention that Mr. Stein identified himself as "the retained attorney for Bruce C. Clinesmith" in a March 4, 2005 letter Mr. Stein sent to Defendants). Second, Defendants have established that this case involves a matter that is substantially related to the prior representation. Mr. Stein purports to represent Bruce C. Clinesmith in this action. The state court proceeding is substantially related to this case. Both cases involve Bruce C. Clinesmith's finances, specifically the Moody trust assets. In his Memorandum in Opposition, Mr. Stein does not argue otherwise. Finally, it is clear that Mrs. Clinesmith's interests are materially adverse to Mr. Clinesmith's interests. Mrs. Clinesmith seeks to void the 1997 and 1999 Moody Bible Institute-Clinesmith Trusts and have the Court declare that the Trust monies are community or quasi-community property. Mrs. Clinesmith's September 20, 2005 Petition for Dissolution of Marriage further supports a finding that Mrs. Clinesmith's interests are materially adverse to Mr. Clinesmith's interests. Accordingly, the Court finds that Defendants Moody Bible Institute of Chicago and Marvin E. Beckman's Motion to Disqualify Stein Law Firm from Representing any Party to This Action is well taken and will be granted.

Nonetheless, the Court will address the two issues Mr. Stein raised in his Memorandum in Opposition to the present motion. First, Mr. Stein contends the three endorsed copies of Orders filed in the state matter and attached to Defendants' Memorandum in Support of their Motion to Disqualify have not met the criteria set forth in 28 U.S.C. §1738. However, on October 20, 2005, Defendants corrected this oversight and filed the state court Orders in compliance with 28 U.S.C. §1738. *See* (Defendants' Notice of Filing of Exemplified Copies of State Court Orders Pursuant to 28 U.S.C. §1738 [Doc.No. 40], filed October 20, 2005. Thus, this issue is moot.

Mr. Stein next contends that he is entitled to an evidentiary hearing. The Court disagrees. Mr. Stein cites to *Fullmer v. Harper*, 517 F.2d 20 (10th Cir. 1975) in support of his contention. In *Fullmer*, the Tenth Circuit stated:

> In our view the verified motion to disqualify raises ethical questions that are conceivably of a serious nature. In such circumstances a written response should be required. The trial court should then hold a full evidentiary hearing on the issues posed by the motion to disqualify and the response thereto, which hearing should include the taking of testimony. A motion of this type should not be resolved on the basis of mere colloquy between court and counsel. At the conclusion of such hearing the trial court should then make specific findings and conclusions, to the end that this court will then have a record before it which will permit a meaningful review, should review be sought.

*Fullmer*, 517 F.2d at 21. *Fullmer* is inapplicable to this case. On the other hand, *Weeks v. Independent School District No. 1-89, of Oklahoma County, Okla.*, 230 F.3d 1201 (10th Cir. 2000) is instructive in this case. In *Weeks*, the district court granted defendants' motion to disqualify counsel without the benefit of an evidentiary hearing. Citing *Fulmer*, counsel argued the district court was required to hold an evidentiary hearing prior to disqualifying her. The Tenth Circuit disagreed, finding the rationale in *Fullmer* inapplicable for the following reasons: (1) the underlying facts supporting the disqualification were not in dispute; (2) the parties had the

6

opportunity to brief the issues; (3) the court had considerable evidence before it; and (4) the record before it was adequate to permit a review of the denial of the motion to disqualify.

In this case, Mr. Stein does not dispute the underlying facts which form the basis for Defendants' motion to disqualify. *See* Sealed Exhibits B and D to Decades, LLC's Reply on Bruce C. Clinesmith's Behalf Supporting Motion to Disqualify Stein Law Firm From Representing Any Party to This Action, State Court Orders [Doc. No. 40] and Mr. Stein's Memorandum in Opposition. Additionally, Mr. Stein filed a written response to Defendants' Motion to Disqualify. Finally, the Court has reviewed Exhibits B and D, along with the exhibits attached to Defendants' pleadings, and finds there is no need for any additional evidence to make its ruling. Accordingly, Mr. Stein's contention that he is entitled to an evidentiary hearing has no merit and will be denied.

**NOW, THEREFORE,**

**IT IS HEREBY ORDERED** that Defendants Moody Bible Institute of Chicago and Marvin E. Beckman's Motion to Disqualify Stein Law Firm from Representing any Party to This Action is GRANTED.

DON J. SVET
**UNITED STATES MAGISTRATE JUDGE**